UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **YINGYING DAI** | **CASE NO. 6:25-CV-00943** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **JONATHAN CRAWFORD** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

### REPORT AND RECOMMENDATION

Before the Court is Defendant's Rule 12(b)(1) Motion to Dismiss Based Upon Lack of Subject Matter Jurisdiction. (Rec. Doc. 6). Plaintiff failed to respond. The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, or lack thereof, and for the reasons explained below, the Court recommends that Defendant's Motion be granted.

### Facts and Procedural History

On July 1, 2025, Plaintiff, proceeding without the assistance of counsel, filed a Petition for Writ in the Nature of Mandamus Compelling Action on N-336 and N-400. (Rec. Doc. 1). Per Plaintiff, she filed an N-400 Application for Naturalization with the United States Citizenship and Immigration Services ("USCIS") on March

26, 2018, which was denied on February 3, 2022. (*Id*. at ¶ 3 & Rec. Doc. 1-2, pp. 2-6). Plaintiff filed an N-336 Request for a Hearing on a Decision in Naturalization Proceedings form challenging the denial which was received by the USCIS on May 2, 2022. (Rec. Docs. 1, ¶ 4 & 1-2, p. 7). Plaintiff was scheduled for an interview appointment on September 11, 2024. (Rec. Docs. 1, ¶ 5 & 1-2, p. 8). Plaintiff's September 11, 2024 interview appointment was cancelled and re-scheduled for September 28, 2024. (Rec. Docs. 1, ¶ 6 & 1-2, pp. 9-10). Per Plaintiff, she presented and was interviewed on September 28, 2024, and has received no updates on her request for a hearing or the original N-400 application. (Rec. Doc. 1, ¶ 7). Plaintiff attempted to exhaust her remedies with the USCIS but never received a response and noted that the USCIS website showed an outdated status for her application. (*Id*. at ¶¶ 8-9). Plaintiff asks the Court to "[c]ompel the USCIS to adjudicate [her] N-336 and, if the decision there calls for approving [her] N-400, adjudicate that Application as well." (*Id*. at ¶ 15(a)).

On November 25, 2025, Defendant filed the Motion presently before the Court urging the Court to dismiss this action for lack of subject matter jurisdiction as Plaintiff's Petition is now moot because her N-336 and N-400 applications have been adjudicated. (Rec. Docs. 6, 6-2, & 6-3). This case concerns Plaintiff's N-336 and N-400 applications and adjudications thereof. Generally, in ruling on a motion pursuant to F.R.C.P. Rule 12(b), the court is limited to the contents of the pleadings

2

and the documents attached thereto; however, the court may refer to documents attached to a motion to dismiss if they are referenced in the complaint and central to the plaintiff's claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000). In so attaching such documents, the defendant has "merely assist[ed] the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Id*. Because the Court finds that the Notice of Intent to Deny (Rec. Doc. 6-2) and the Notice of Decision (Rec. Doc. 6-3) attached to Defendant's Motion are referenced in Plaintiff's Petition and central to Plaintiff's claims, the Court will consider them in addition to Plaintiff's Petition. Plaintiff did not file an opposition or otherwise respond to Defendant's Motion.

## Law and Analysis

### I. Jurisdiction

Federal district courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by statute. *See Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010). Accordingly, federal courts have subject-matter jurisdiction only over civil actions presenting a federal question and those in which the amount in controversy exceeds $75,000.00 exclusive of interest and costs and the parties are citizens of different states. 28 U.S.C. §§ 1331 and 1332. Further,

Article III of the Constitution restricts federal courts' jurisdiction to "cases" and "controversies." U.S. Const. art. III, § 2.

Defendant maintains that Plaintiff's claims are now moot, and this action must be dismissed for lack of subject matter jurisdiction. (Rec. Doc. 6). Per the Fifth Circuit:

> "Mootness is 'the doctrine of standing in a time frame. The requisite personal interest that must exist at the commencement of litigation (standing) must continue throughout its existence (mootness).'" If a case has been rendered moot, a federal court has no constitutional authority to resolve the issues that it presents. Therefore, before considering any other matters raised by the parties, we are obliged to "resolve the standing question as a threshold matter of jurisdiction."

*Env't Conservation Org. v. City of Dallas*, 529 F.3d 519, 524–25 (5th Cir. 2008)(internal citations omitted).

Further, "'[a] controversy becomes moot where, as a result of intervening circumstances, there are no longer adverse parties with sufficient legal interest to maintain the litigation.... A controversy can also become moot when the parties lack a legally cognizable interest in the outcome.'" *In re Scruggs*, 392 F.3d 124, 128 (5th Cir. 2004). The Court concluded that "'[a] moot case presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents.'" *Id*.

Here, Plaintiff filed her Petition seeking a Court order compelling the USCIS to adjudicate her N-336 and/or N-400 applications. Said applications were

adjudicated on September 26, 2025, and November 25, 2025, respectively. (Rec. Docs. 6-2 & 6-2). Accordingly, Plaintiff has received her requested relief rendering this case moot. As no other case or controversy is before the Court, the Court recommends that this case be dismissed for lack of subject matter jurisdiction.

## Conclusion

For the reasons discussed herein, the Court recommends that this action be **DISMISSED** for lack of subject matter jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d

1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 23rd day of January, 2026.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE